WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Roosevelt Marquize Sherrod,

              Plaintiff,

v.

Charles L. Ryan, et al.,

              Defendants.

No. CV-15-0296-PHX-DJH (ESW)

**ORDER**

Pending before the Court are a number of motions filed by Plaintiff. The Court has reviewed the Motions and issues its rulings as set forth below.

## I.  DISCUSSION

### A.  Plaintiff's "Motion to Amend Complaint" (Doc. 46)

In January 2016, Plaintiff moved to amend his complaint to name additional defendants. (Doc. 34). Plaintiff lodged a proposed First Amended Complaint, but did not comply with Rule 15.1 of the Local Rules of Civil Procedure ("LRCiv") by indicating in what respect it differs from the original Complaint (i.e. by bracketing or striking through the text to be deleted and underlining the text to be added). The First Amended Complaint also contained illegible text in violation of LRCiv 5.4. The Court denied Plaintiff's Motion (Doc. 34) for failure to comply with Local Rules of Civil Procedure and extended the deadline for filing a second motion to amend to March 24, 2016. (Doc. 44).

1    On March 25, 2016, the Clerk of Court docketed Plaintiff's "Motion to Amend

2 Complaint."  Although the Motion does not contain a certificate of service indicating

3 when Plaintiff mailed it to the Court,[1] because the Motion was docketed on March 25,

4 2016, the Court presumes it was mailed on March 24, 2016 at the latest.  The Court

5 deems the Motion timely filed.

6                    **1.  Plaintiff has Complied with LRCiv 15.1**

7    Defendants argue that Plaintiff's Motion to Amend (Doc. 46) fails to comply with

8 LRCiv 15.1, resulting in confusion as to what comprises Plaintiff's proposed First

9 Amended Complaint. (Doc. 48 at 3).  The Court finds that Defendants' argument rests on

10 a misconstruction of Plaintiff's Motion.  Plaintiff's Motion explains that the original

11 Complaint is attached as an exhibit and that Plaintiff has bracketed the language that is to

12 be deleted and replaced with the underlined text set forth in Pages 3-5 of the Motion.[2]

13 For instance, regarding Defendant Pratt's place of employment in Section B of the

14 Complaint, Plaintiff bracketed "Corizon":

15                                    B.  Defendants
16    1.  Name of first Defendant: <u>Charlse [sic] Ryan.</u>          .  The first
        Defendant is employed as: <u>    ADOC Director    </u> at <u>  ADOC       </u>
17                                    (Position and Title)         (Institution)

18    2.  Name of first Defendant: <u>Richard Pratt        </u>.  The first Defendant
        is employed as: <u>    A    Director       </u> at <u>    [Corizon]           </u>
19                                  (Position and Title)             (Institution)

20    3.  Name of first Defendant: <u>               </u>.  The first Defendant is
        employed as: <u>                      </u> at <u>                      </u>
21                                 (Position and Title)          (Institution)

22

23

24 _____

25    [1] Under the "prison mailbox rule," a filing is deemed "filed" when handed by the

26 prisoner to a prison official for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

27    [2] Plaintiff stated "I motion to amend  . . . and add new Defendants, and using the

28 Pleading as an exhibit to delineat [sic], such as, the bracketing texts are to be deleted in the Pleading and the underlining texts are to be add [sic] in the respected areas of Pleading from the motion . . . ."  (Doc. 46 at 2).

1
2
3

    4.  Name of first Defendant: _____.  The first Defendant is
        employed as: _____ at _____
              (Position and Title)             (Institution)

(Doc. 46 at 8).

4
5
6
7
8

      On Page 3 of the Motion, Plaintiff identifies by underlined text the language to be added to Section B of the Complaint.  As shown below, Plaintiff has indicated that "ADOC" is to be listed as the institution at which Defendant Pratt is employed (instead of "Corizon").  Plaintiff has also identified by underlined text the additional defendants to be included in Section B of the Complaint:

9
10
11
12
13
14

                        B.  Defendants
          2.  (Institution), (<u>ADOC</u>)
          3.  <u>N. Maranzo, (NP) at Corizon</u>
          4.  <u>Steve Ibrahim, D.O. at Corizon</u>
          additional Defendants:
          <u>Stueward, (MD) at Corizon</u>
          <u>Craig Kevis, Provider at Mountain Vista Medical Center</u>
          <u>Okafor, Joachin U, (MD) at Mountain Vista Medical Center</u>

(Doc. 46 at 3).

15
16
17
18
19
20
21

      Regarding Count One of the Complaint, Plaintiff has indicated by the use of brackets and underlined text that he wishes to delete "14th Amendment" in the field pertaining to the right alleged to be violated and replace it with "8th Amendment." (Doc. 46 at 4, 9).  By using brackets, Plaintiff has also indicated that he wishes to delete all of the handwritten text in the "Supporting Facts" and "Injury" sections and replace it with the underlined text set forth on Page 4 of the Motion.  (*Id*.).

22
23
24
25
26
27
28

      Plaintiff has bracketed all of the handwritten text in Count Two of the Complaint (Doc. 46 at 10), but has not proposed any replacement text.  The proposed First Amended Complaint essentially consolidates Counts One and Two, which is consistent with the Court's October 2015 Order.  That Order indicated that Count One was improperly brought as a Fourteenth Amendment claim.  However, instead of dismissing Count One, the Court considered Counts One and Two as a single claim for violations of Plaintiff's Eighth Amendment rights because Count One contained most of Plaintiff's factual allegations.  (Doc. 26 at 3 n.1).

1    Finally, Plaintiff has bracketed all of the handwritten text contained in the
2 "Request for Relief" section (Doc. 46 at 12) and has underlined the replacement text
3 (Doc. 46 at 5).

4    While Plaintiff has not attached a traditional "redline" of the Complaint showing
5 his proposed changes, the Court finds that Plaintiff has complied with LRCiv 15.1 by
6 "bracketing or striking through the text to be deleted and underlining the text to be
7 added."  The Court further finds that Plaintiff has adequately explained how the First
8 Amended Complaint differs from the original Complaint.

9    **2.  Leave to File a First Amended Complaint will be Granted**

10    Rule 15(a) of the Federal Rules of Procedure provides that "leave [to amend a
11 pleading] shall be freely given when justice so requires." A district court has the
12 discretion to grant or deny a motion to amend.  *See, e.g., Ventress v. Japan Airlines*, 603
13 F.3d 676, 680 (9th Cir. 2010); *Chappel v. Laboratory Corp. of Amer.*, 232 F.3d 719, 725
14 (9th Cir. 2000). Although Rule 15(a) is very liberal, courts "need not grant leave to
15 amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad
16 faith; (3) produces an undue delay in the litigation; or (4) is futile." *AmerisourceBergen*
17 *Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  These factors, however,
18 are not given equal weight. "Futility of amendment can, by itself, justify the denial of a
19 motion for leave to amend."  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see*
20 *also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)
21 ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to
22 grant leave to amend.").

23    Defendants argue that Plaintiff's Motion should be denied on the basis that the
24 proposed First Amended Complaint is futile. (Doc. 48 at 4).  "A proposed amended
25 complaint is futile if it would be immediately subject to dismissal." *Nordyke v. King*, 644
26 F.3d 776, 788 n. 12 (9th Cir. 2011) (citation and internal quotation marks omitted), *aff'd*
27 *on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012); *see also Miller v.*
28 *Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing authority explaining that

1

2

3

the "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)").

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

As explained below, the Court does not find that Plaintiff's proposed First Amended Complaint fails to state a claim. Although the Court denied Plaintiff's Motion for Preliminary Injunction based on the evidence submitted, a proposed amended complaint is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214. "Merely because Plaintiff[] possessed insufficient evidence at the time of the preliminary injunction hearing to show a likelihood of success on the merits of all of [his] claims does not mean the evidence does not exist and cannot be obtained through discovery. Therefore, amendment is not futile." *Nat'l City Bank, N.A. v. Prime Lending, Inc.*, No. CV-10-034-EFS, 2010 WL 2854247 at \*9 (July 19, 2010); *see also Nordyke*, 644 F.3d at 788 n.12 ("In evaluating whether the district court should have granted the Nordykes' motion for leave to amend . . . we look only to facts pled in the Proposed Second Amended Complaint."). The Court will grant Plaintiff's "Motion to Amend Complaint" (Doc. 46) and will direct Plaintiff to file a "clean" version of the First Amended Complaint.

19

20

21

22

23

24

25

26

27

28

### 3. Plaintiff's Proposed First Amended Complaint States an Eighth Amendment Claim

#### i. Continuing Obligation to Screen

The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening requirement extends to proposed amended complaints as well as complaints initially filed in an action. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(c)(1), requires the Court to dismiss all allegations that fail to state a claim upon which relief may be granted. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). The Court must dismiss a complaint or portion thereof that is legally frivolous, fails to

1  state a claim upon which relief may be granted, or seeks monetary relief from a defendant

2  who is immune from suit.  28 U.S.C. § 1915(A)(b)(1), (2).

3  In reviewing Plaintiff's proposed First Amended Complaint, the Court must accept

4  as true all well-pled factual allegations and draw all reasonable inferences therefrom.  *See*

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Steckman v. Hart Brewing,*

6  *Inc.*, 143 F.3d 1293, 1296-98 (9th Cir. 1998).  A claim for relief must be plausible on its

7  face to survive a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "A

8  claim has facial plausibility when the plaintiff pleads factual content that allows the Court

9  to draw the reasonable inference that the defendant is liable for the misconduct alleged."

10  *Id.* at 679.

11  Finally, a first amended complaint supersedes the original complaint.  *See Ferdik*

12  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner &*

13  *Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an

14  original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262 ("after amendment the

15  original pleading no longer performs any function and is treated thereafter as non-

16  existent") (internal quotation marks and citation omitted).  Any cause of action that was

17  raised in the original complaint and that was voluntarily dismissed or was dismissed

18  without prejudice is waived if it is not alleged in a proposed amended complaint.  *Lacey*

19  *v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**ii.  Eighth Amendment Medical Claims**

21  Not every claim by a prisoner relating to inadequate medical treatment states a

22  violation of the Eighth or Fourteenth Amendment.  To state a Section 1983 medical

23  claim, a plaintiff must show (i) a "serious medical need" by demonstrating that failure to

24  treat the condition could result in further significant injury or the unnecessary and wanton

25  infliction of pain and (ii) the defendant's response was deliberately indifferent.  *Jett v.*

26  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

27  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

28  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

1    both know of and disregard an excessive risk to inmate health; "the official must both be

2    aware of facts from which the inference could be drawn that a substantial risk of serious

3    harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,

4    837 (1994).    Deliberate indifference in the medical context may be shown by a

5    purposeful act or failure to respond to a prisoner's pain or possible medical need and

6    harm caused by the indifference. *Jett*, 439 F.3d at 1096.  Deliberate indifference may

7    also be shown when a prison official intentionally denies, delays, or interferes with

8    medical treatment or by the way prison doctors respond to the prisoner's medical needs.

9    *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

10    Deliberate indifference is a higher standard than negligence or lack of ordinary

11    due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

12    gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

13    *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

14    622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

15    "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

16    does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

17    *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

18    without more, is insufficient to state a claim against prison officials for deliberate

19    indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

20    (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

21    "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

### iii.  Analysis

23    Plaintiff's factual allegations supporting his Eighth Amendment claim in the

24    proposed First Amended Complaint are nearly identical to those alleged in the original

25    Complaint (Doc. 1).    Plaintiff asserts that he was diagnosed with "HIV-

26    Immunodeficiency Virus in 2008 in Durango Jail- Juvenile Referral with multiple

27    positive testings . . . ."  (Doc. 46 at 4).  Plaintiff alleges that Defendants have violated his

28    Eighth Amendment rights by refusing to provide him with treatment for HIV/AIDS.

1  (*Id.*).  Further, Plaintiff states that on June 10, 2014 and December 17, 2014, he used

2  "Administration Remedies" to petition Defendant Ryan and Pratt to seek treatment for

3  AIDS, but they "refused to act nor consider my truth that I am dying from (AIDS) . . . ."

4  (*Id.*).  Plaintiff also alleges that the proposed additional defendants, who Plaintiff asserts

5  are medical providers, "disbelieve my truth of dying or suffering from (AIDs)" and have

6  deprived Plaintiff the appropriate medication.  (*Id.*).

7         Liberally construing the original Complaint, the Court found that Plaintiff stated

8  an Eighth Amendment medical claim against Defendants Ryan and Pratt.  Applying that

9  same liberal construction to the proposed First Amended Complaint, Plaintiff's

10  allegations adequately state an Eighth Amendment medical claim against Defendants.

11  The Court will require Defendants Ryan, Pratt, Maranzana, Ibrahim, Kevis, Okafor, and

12  Stueward to answer the First Amended Complaint.

13         **B.  Plaintiff's "Recommendation to be Appointed Counsel" (Doc. 49)**

14         In March 2016, the Court denied Plaintiff's request for the appointment of counsel

15  (Doc. 36).  (Doc. 44).  On April 15, 2016, Plaintiff filed a "Recommendation to be

16  Appointed Counsel" (Doc. 49), which Plaintiff states that "I believe the District Court is

17  fully aware of my ignorance of law; I respectfully request to be Appointed Counsel . . . ."

18         As previously explained to Plaintiff, there is no constitutional right to the

19  appointment of counsel in a civil case.  *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d

20  820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269

21  (9th Cir. 1982).  The Court may appoint counsel for indigent civil litigants only in

22  exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

23  The Court's March 10, 2016 Order did not find that exceptional circumstances existed in

24  this case that warranted the appointment of counsel.  (Doc. 44 at 2-3).  Plaintiff's

25  statements in his "Recommendation to be Appointed Counsel" (Doc. 49) do not alter that

26  finding.  Accordingly, the Court will deny Plaintiff's request for court-appointed counsel.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C. Plaintiff's "Discovery Request to be Examined by an Outside Physican [sic]" (Doc. 50)**

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes the Court to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."   Such an examination is justified if Plaintiff's medical condition is in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964).

On April 27, 2016, Plaintiff filed a "Discovery Request to be Examined by an Outside Physician" (Doc. 50).  Plaintiff requests to be examined by a physician who "has no ties to" the Arizona Department of Corrections, Mountain Vista Hospital, or Corizon Health with respect to "the dispute of [his] current condition, for Immunodeficiency symptoms."  (Doc. 50 at 2).  Defendants construe Plaintiff's request as a "motion for some unspecified level of examination and/or care, by medical providers other than those he has seen . . . ."  (Doc. 54 at 1).  However, Plaintiff indicates in his filing that the request is being made to "procure[] discoverabl[e] information, that I can use to support my claim."  (Doc. 50 at 2).  To the extent Plaintiff's "Discovery Request" (Doc. 50) is a motion for an independent medical examination brought pursuant to Rule 35(a)(1) of the Federal Rules of Civil Procedure, Plaintiff has failed to set forth any reasons for the motion.  Without a more detailed explanation, the Court cannot find good cause to grant Plaintiff's request.  Plaintiff's "Discovery Request to be Examined by an Outside Physician" (Doc. 50) will be denied without prejudice.

**D. Plaintiff's "Discovery Request to Subpoena Durango Jail- Juvenile Referral and Arizona Department of Corrections for Medical Records" (Doc. 51)**

Plaintiff alleges that he was diagnosed with HIV/AIDS in 2008 while in custody at the Durango Jail.  In his April 27, 2016 filing (Doc. 51), Plaintiff requests to subpoena his medical records from the Durango Jail and Arizona Department of Corrections.  The Court will grant Plaintiff's "Discovery Request to Subpoena . . ." (Doc. 51) as to Plaintiff's medical records from Durango Jail- Juvenile.  However, Plaintiff has already

1   requested from Defendants Ryan and Pratt his medical records from the Arizona

2   Department of Corrections.  (Doc. 44 at 1-2).  On April 11, 2016, Defendants Ryan and

3   Pratt notified the Court that they have served their responses to Plaintiff's First Request

4   for Production of Documents.  (Doc. 47).  If Plaintiff is asserting that the discovery

5   responses are incomplete or inadequate, Plaintiff is directed to the section of the Court's

6   Scheduling Order pertaining to discovery disputes.  (Doc. 31 at 4).  The Court will deny

7   Plaintiff's "Discovery Request to Subpoena . . ." (Doc. 51) as to Plaintiff's medical

8   records from the Arizona Department of Corrections.

9       **E. Plaintiff's "Motion: Prison Litigation Reform Act 1996 (PLRA)**
        **Consideration to Continue with Complaint" (Doc. 52)**

10

11      In his May 4, 2016 filing (Doc. 52), Plaintiff details his attempts to exhaust his

12  administrative remedies before initiating this action.  Plaintiff requests that he "continue

    with complaint."[3]   The Motion will be denied as moot.  The Court has screened the
13
    proposed First Amended Complaint, finds that liberally construed, Plaintiff has stated a
14
    cause of action, and will require Defendants to answer.
15
                                **II.  CONCLUSION**
16
        Based on the foregoing,
17
        **IT IS ORDERED** granting Plaintiff's "Motion to Amend Complaint" (Doc. 46).
18
        **IT IS FURTHER ORDERED** that by **August 5, 2016**, Plaintiff shall lodge a
19
    "clean" version of the First Amended Complaint on the court-approved form.  Plaintiff
20
    shall check the box on the first page of the form indicating that the document is a "First
21
    Amended Complaint."   The First Amended Complaint shall contain the **identical**
22
    **amendments** proposed in the "Motion to Amend Complaint" (Doc. 46).  No additional
23
    information may be added.  If the First Amended Complaint complies with this Order, the
24

25      [3] Plaintiff's Motion (Doc. 52) may be construed as a late reply to Defendants'
    Response to Plaintiff's Motion to Amend Complaint (Doc. 48) as Defendants therein
26  state: "Defendants are at this time confirming whether Plaintiff has additionally failed to
    grieve his debunked claims, and then immediately intend to file a motion for summary
27  judgment on the merits and, if the facts warrant, Plaintiff's failure to exhaust
    administrative remedies." (Doc. 48 at 4-5).  Defendants may have filed no response to
28  Plaintiff's Motion (Doc. 52) for this reason.  Because Plaintiff has filed the document as a
    motion, the Court treats it as such.

1    Court will issue a separate Order directing the United States Marshals Service ("USMS")

2    to serve the First Amended Complaint on Defendants.

3          **IT IS FURTHER ORDERED** directing the Clerk of Court to mail Plaintiff a

4    court-approved form for filing a civil rights complaint by a prisoner.

5          **IT IS FURTHER ORDERED** denying Plaintiff's "Recommendation to be

6    Appointed Counsel" (Doc. 49).

7          **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's "Discovery

8    Request to be Examined by an Outside Physican [sic]" (Doc. 50).

9          **IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's

10   "Discovery Request to Subpoena Durango Jail- Juvenile Referral and Arizona

11   Department of Corrections for Medical Records" (Doc. 51) as set forth herein.  The Clerk

12   of Court is directed to mail Plaintiff one blank subpoena duces tecum for Plaintiff to fill

13   out in accordance with Rule 45, Fed. R. Civ. P.  Plaintiff shall promptly send the

14   properly completed subpoena back to the Clerk of Court.  The Clerk of Court will then

15   forward the properly completed subpoena duces tecum to the USMS for service.

16         **IT IS FURTHER ORDERED** that in light of the Orders set forth herein,

17   Defendant Ryan and Pratt's Motion for Summary Judgment (Doc. 55) is premature, and

18   the Clerk of Court is directed to withdraw the Motion (Doc. 55).

19         **IT IS FURTHER ORDERED** denying as moot "Motion: Prison Litigation

20   Reform Act 1996 (PLRA) Consideration to Continue with Complaint" (Doc. 52).

21   Plaintiff's First Amended Complaint has been screened and Defendants shall be ordered

22   to answer.

23         Dated this 21st day of July, 2016.

24

25   _____

26   Eileen S. Willett
     United States Magistrate Judge

27

28