WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Marquize Sherrod,<br><br>  Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>  Defendants. | No. CV-15-00296-PHX-DJH (ESW)<br><br>**ORDER** |

Pending before the Court are a number of motions filed by Plaintiff.  The Court has reviewed the motions and issues its rulings as set forth below.

## I. DISCUSSION

**A. Plaintiff's "Recommendation for Rule 35. Garcia Laboratory Results" (Doc. 59) and "Request for Rule 35 Physical and Mental Examination" (Doc. 65)**

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes the Court to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Such an examination is justified if a party's medical condition is in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964).

On April 27, 2016, Plaintiff filed a "Discovery Request to be Examined by an Outside Physician" (Doc. 50).  The Court did not find good cause to grant Plaintiff's request and denied the motion (Doc. 58 at 9).  Plaintiff now files copies of laboratory results (Doc. 60) and his "Recommendation for Rule 35. Garcia Laboratory Results"

(Doc. 59), stating that Plaintiff was diagnosed in 2008 in Durango Jail with HIV/AIDS and is being deprived of medicine for the condition. Plaintiff requests that the Court "grant Rule 35 to have the examiner of physician [sic] to examine Garcia Laboratory results 'unbias' to delineate and confirm the severity of my condition . . . ." (Doc. 59 at 2). The lab reports provided by the Plaintiff do not establish that Plaintiff has HIV/AIDS. The Court considered this lab report in its Order filed on March 4, 2016 and found that the report "does not support Plaintiff's claim that he suffers from HIV, AIDS . . . ." (Doc. 43 at 4-5).

On September 15, 2016, the Clerk of Court docketed Plaintiff's "Request for Rule 35 Physical and Mental Examination," in which Plaintiff states that he "wishes to be alleviated or treated" for a number of alleged medical conditions. (Doc. 65 at 2). It is improper to move for a Rule 35 examination for the purpose of obtaining medical treatment. *See Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (upholding denial of inmate's Rule 35 motion where the "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs").

The Court finds that Plaintiff has failed to establish good cause for an independent medical examination pursuant to Rule 35, Fed. R. Civ. P. Further, it has been held that "Rule 35 does not allow for a physical examination of oneself . . . ." *Berg v. Prison Health Services*, 376 F. App'x 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (stating that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"). Finally, Plaintiff has not demonstrated the ability to pay for the costs of an independent medical examination. *See Patton v. Hollingsworth*, No. 2:14-cv-00519-LDG-PAL, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [pro se prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case.").

For the above reasons, Plaintiff's requests for an independent medical examination (Docs. 59, 65) will be denied. In addition, Plaintiff is warned that he should not file

duplicative motions on any subject matter in this case. Duplicative motions will be stricken without further notice to Plaintiff and without considering the additional arguments contained in the duplicative motions.

### B. Plaintiff's "Memorandum of Law In Support of Appointment of Counsel" (Doc. 64)

In March 2016, the Court denied Plaintiff's request for the appointment of counsel (Doc. 36). (Doc. 44). On April 15, 2016, Plaintiff filed a "Recommendation to be Appointed Counsel" (Doc. 49), in which Plaintiff stated that "I believe the District Court is fully aware of my ignorance of law; I respectfully request to be Appointed Counsel . . . ." The Court denied the motion (Doc. 58 at 11). On September 2, 2016, Plaintiff filed "Memorandum of Law in Support of Motion to Be Appointed Counsel" (Doc. 64), again requesting the appointment of counsel because Plaintiff (i) is "in punitive Administrative Segregation and has no ability to investigate the facts," (ii) is an indigent prisoner without legal training, (iii) "might have a jury trial, which requires much greater legal skills than the Plaintiff has or can develop."

As previously explained to Plaintiff, there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court may appoint counsel for indigent civil litigants only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). The Court's March 10, 2016 and July 22, 2016 Orders did not find that exceptional circumstances existed in this case that warranted the appointment of counsel. (Doc. 44 at 2-3; Doc. 58 at 8). Plaintiff's statements in his "Memorandum of Law in Support of Motion to Be Appointed Counsel" do not alter that finding. Accordingly, the Court will deny Plaintiff's third request for court-appointed counsel.

### 3. Plaintiff's "Injunction for Organization" (Doc. 61)

On August 8, 2016, Plaintiff filed "Injunction for Organization" wherein he requests that the Court send him "copies of the First Amended complaint to submit a

'clean' version to continue in the proceedings." Plaintiff indicates that he was transferred to Kasson from Central Unit of the Arizona Department of Corrections in July and prison officials "lossen [sic] or taken my originals [sic] writings of the First Amended complaint and other belongings in which have manifest dismay in proceeding with Document #58-1 Order." The Court deems Plaintiff's request to be a request for the return of his papers allegedly taken during his move. Such a request is injunctive in nature and more appropriately directed to the Defendants, not this Court. The Court does not have Plaintiff's documents. The Court will order Defendant Ryan to respond to Plaintiff's "Injunction for Organization" (Doc. 61). The Court will further order that the Clerk of Court send to the Plaintiff his "Motion: to Amend Complaint" (Doc. 46) and all exhibits attached.

## II. CONCLUSION

**IT IS ORDERED** denying Plaintiff's "Recommendation for Rule 35. Garcia Laboratory Results" (Doc. 59).

**IT IS FURTHER ORDERED** denying Plaintiff's "Request for Rule 35 Physical and Mental Examination" (Doc. 65).

**IT IS FURTHER ORDERED** denying Plaintiff's "Memorandum of Law In Support of Appointment of Counsel" (Doc. 64), which is docketed as a motion.

**IT IS FURTHER ORDERED** that within **fourteen days** from the filing of this Order, Defendant Ryan shall respond to Plaintiff's "Injunction for Organization" (Doc. 61), which the Court construes as a request for injunctive relief for the return of Plaintiff's legal documents.

**IT IS FURTHER ORDERED** that the Clerk of Court mail to Plaintiff a copy of his "Motion: to Amend Complaint" (Doc. 46) and all exhibits attached.

Dated this 19th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge