WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roosevelt Marquize Sherrod,<br><br>   Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Defendants. | No. CV-15-00296-PHX-DJH (ESW)<br><br>**ORDER** |

On September 20, 2016, the Court denied Plaintiff's "Request for Rule 35 Physical and Mental Examination" (Doc. 65) and Plaintiff's request for court-appointed counsel (Doc. 64). (Doc. 66). The Court has reviewed Plaintiff's "Notice of Conflict" (Doc. 69) filed on December 29, 2016. In the Notice, Plaintiff states:

> The District Court Judge Eileen S. Willett have biasedly manifested a shorage [sic] of the immoralization [sic] of virture [sic] currenting [sic] from the Constitution of the United State of America in this matter of a violation of [Plaintiff's] 8th Amendment; District Court Judge Eileen S. Willett denys [sic] to Appoint me counsel and Rule 35 physical and mental examination because the District Court Judge don't consider me worthy nor the matter.

(*Id*. at 2). The Court construes Plaintiff's Notice as a motion seeking the disqualification of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 455. Under 28 U.S.C. § 455, any federal justice, judge, or magistrate judge must disqualify himself or herself in

any proceeding in which his or her impartiality might reasonably be questioned.[1]  The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see also Clay v. Brown, Hopkins & Stambaugh*, 892 F.Supp. 11, 13 (D.D.C. 1995) (holding that a party who sought to vacate reference of a civil matter to a magistrate judge based on alleged bias should have presented to the magistrate judge a motion for recusal).  In determining whether a judge's disqualification is required under 28 U.S.C. § 455, the Ninth Circuit has adopted the following objective test: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).  Moreover, "[t]he alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939.

Here, Plaintiff only refers to the undersigned's denial of Plaintiff's motions for a Rule 35 examination and court-appointed counsel to support his claim of judicial bias.  To reiterate, the Ninth Circuit has held that adverse rulings do not establish the requisite bias necessitating a judge's recusal, even in cases where the rulings were erroneous. *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) (holding that a judge's "acceptance of an invalid guilty verdict in the first trial did not necessitate recusal"); *Hagans v. Andrus*, 651 F.2d 622, 628 (9th Cir. 1981) ("It is not a ground for disqualification that the judge has ruled against the moving party or that he may have committed an error of law.").  Plaintiff has presented no evidence of judicial bias.  The Court does not find that a reasonable person with knowledge of all the facts would conclude that the undersigned Magistrate Judge's impartiality might reasonably be questioned.

---

[1] A federal judge's recusal is also required for personal bias or prejudice under 28 U.S.C. § 144. "This section, however, requires the timely filing of an affidavit alleging such bias." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 n.9 (9th Cir. 1987). Because Plaintiff did not file an affidavit with his Notice of Conflict, 28 U.S.C. § 144 is not applicable.  *See id*. ("Because no affidavit was filed by Texaco, section 144 is not applicable."); *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) ("Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.").

Based on the foregoing,

**IT IS ORDERED** construing Plaintiff's "Notice of Conflict" (Doc. 69) as a request for the disqualification of the undersigned Magistrate Judge.

**IT IS FURTHER ORDERED** denying Plaintiff's request for disqualification of the undersigned Magistrate Judge (Doc. 69).

Dated this 13th day of January, 2017.

_____
Eileen S. Willett
United States Magistrate Judge