**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OFARIZONA**

| | |
|---|---|
| Roosevelt Marquize Sherrod,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Defendants. | No. CV 15-00296-PHX-DJH (ESW)<br><br>**ORDER** |

Plaintiff Roosevelt Marquize Sherrod, who is currently confined in the Arizona State Prison Complex (ASPC)-Florence, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 73.) Defendants Pratt and Ryan move for summary judgment, and Plaintiff opposes.[1] (Docs. 84, 87.) Also before the Court is the Report and Recommendation (R&R) of Magistrate Judge Eileen S. Willett recommending that the Court dismiss Defendants Ibrahim, Maranzana, Stueward, Kevis, and Okafor without prejudice for failure to timely effect service. (Doc. 83.)

The Court will adopt the R&R and dismiss Defendants Ibrahim, Maranzana, Stueward, Kevis, and Okafor without prejudice. The Court will grant Defendants Pratt and Ryan's Motion for Summary Judgment and terminate this action.

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response. (Doc. 86.)

**I.  Background**

In his First Amended Complaint, Plaintiff alleges that he was diagnosed with HIV in 2008 while he was confined at the Maricopa County Durango Juvenile Detention Center and that he continued to test positive for HIV/AIDS through 2015. (Doc. 73 at 4.) Plaintiff claims that Defendants Nurse Practitioner Maranzana, Dr. Steve Ibrahim, medical provider Craig Kevis, Dr. Joachin Okafor, and Dr. Stueward do not believe that Plaintiff has HIV/AIDS and that they deprived him of medication in violation of his Eighth Amendment rights. (*Id.*) Plaintiff also claims that on June 10 and December 17, 2014, he submitted grievances to Defendants Arizona Department of Corrections (ADC) Director Charles Ryan and ADC employee Richard Pratt seeking treatment for AIDS, but Defendants Ryan and Pratt "refused to act or consider [Plaintiff's] truth" that he suffers from the AIDS virus. (*Id.*) On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical claim and directed Defendants Pratt, Ryan, Ibrahim, Maranzana, Stueward, Kevis, and Okafor to answer. (Docs. 26, 74.)

**II.  Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc); accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

On January 9, 2018, the Magistrate Judge recommended dismissing Defendants Ibrahim, Maranzana, Stueward, Kevis, and Okafor without prejudice for failure to serve. (Doc. 83.) Neither party filed objections to the R&R. The Court is therefore not obligated to review the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). Even so, the Court has reviewed Judge Willett's R&R and incorporates and adopts it. Accordingly, Defendants Ibrahim, Maranzana, Stueward, Kevis, and Okafor are dismissed from the action without prejudice for failure to serve.

**III.   Motion for Summary Judgment**

    **A.   Legal Standards**

        **1.   Summary Judgment**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### 2. Eighth Amendment Medical Claims

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

**B. Relevant Facts[2]**

Plaintiff states that he was diagnosed with the HIV/AIDS virus in 2008 while he was confined at the Maricopa County Durango Juvenile Detention Center. (Doc. 73 at 4; Doc. 88 (Pl.'s Statement of Facts) ¶ 1.) The ADC has no record of Plaintiff ever being diagnosed with the HIV/AIDS virus. (Doc. 85 (Defs.' Statement of Facts) ¶ 1.) The examination notes from Plaintiff's June 15, 2009 ADC intake examination indicate that Plaintiff denied having any venereal disease and did not mention a prior HIV/AIDS diagnosis. (*Id.*; Doc. 41-1 at 6 (Defs.' Ex. B).) According to Plaintiff, when he arrived at the ADC Alhambra Reception Center in 2009, he "informed the medical personnel of his condition, and . . . was subsequently 'hushed.'" (Doc. 88 ¶ 2.) Plaintiff states that he "proceeded to seek definitive answers to determine if he indeed was infected with the HIV/AIDS virus" as he began to "experience symptomatic sicknesses associated with

---

[2] These facts are drawn from Plaintiff's First Amended Complaint (Doc. 73) and Statement of Facts (Doc. 88) as well as Defendants' Statement of Facts (Doc. 85) and the sworn affidavit of Dr. Steve Ibrahim and accompanying attachments (Doc. 41-1), which Defendants have incorporated by reference.

[the] HIV/AIDS virus," including flu-like symptoms such as "chest pain, fever, throat pain, severe coughing, and enlarged lymph nodes." (*Id*. ¶¶ 3–4.) Plaintiff also states that "the Defendants refuse to give the Plaintiff proper evaluation of his worsening condition" and that his untreated AIDS diagnosis is "causing cancer[.]" (*Id.* ¶ 9; Doc. 73 at 4.)

According to ADC records, Plaintiff first voiced his concern about HIV on October 4, 2010 when he reported that "he got a tattoo approximately 8 months ago and would like to be tested for HIV. . . ." (Doc. 85 ¶ 2; Doc. 41-1 at 8 (Defs.' Ex. B).) Plaintiff was tested for HIV on November 10, 2010, and the results were negative. (*Id.* ¶ 3; Doc. 41-1 at 13 (Defs.' Ex. C).) Plaintiff was subsequently retested for the HIV virus on October 31, 2013; December 3, 2013; March 26, 2014; June 16, 2015; February 21, 2017; and January 19, 2018, and the result of every test was negative. (Doc. 85 ¶ 4; Doc. 41-1 at 15–18 (Defs.' Ex. D); Doc. 85-1 at 2–3, 12–13 (Defs.' Ex. A).)

Plaintiff's August 14, 2015 lab test results indicate that Plaintiff had "a decreased number of platelets," "degenerated cells," and a low white blood cell count. (Doc. 88 at 11 (Pl.'s Ex. B).) However, Plaintiff's platelet count was inaccurate due to platelet clumping within the collection tube. (*See id.*; Doc. 41-1 at 3 (Ibrahim Decl.) ¶ 11.) Plaintiff's blood was retested on December 3, 2015 and the results were within normal limits, thus the results of the August 14, 2015 were "considered spurious." (Ibrahim Decl. ¶ 11; Doc. 41-1 at 25 (Defs.' Ex. F).) The results of Plaintiff's February 21, 2017 blood test also show that his platelet and white blood cell counts were within normal limits. (Doc. 85-1 at 8–9 (Defs.' Ex. A).) According to the sworn declaration of Dr. Steve Ibrahim, "[t]here is no relation between HIV and cancer and there is no reference anywhere in Corizon's medical records of [Plaintiff] being diagnosed with cancer, nor does any prior blood testing reflect the presence of cancer in [Plaintiff's] body." (Ibrahim Decl. ¶ 12.)

**C. Analysis**

Defendants Pratt and Ryan move for summary judgment on the grounds that Plaintiff's Eighth Amendment rights have not been violated because multiple diagnostic

1 tests have proven that Plaintiff does not have the HIV/AIDS virus. (Doc. 84.) Plaintiff contends that "testing conducted by [ADC] licensed practitioners [has] proven that the plaintiff is showing symptoms that are consistent with the plaintiff[']s claim[.]" (Doc. 87 (Pl.'s Resp.) at 3.) Plaintiff argues that his August 14, 2015 blood test, which indicated a low t-cell count is sufficient on its own to "establish[] a material question of fact[.]" (*Id.* at 3–4.)

### 1. Objective Prong

First, the facts do not suggest that Plaintiff has a serious medical need. Examples of indications that a prisoner has a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992, *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation omitted). Here, there is no medical evidence that Plaintiff has ever been diagnosed with the HIV/AIDS virus or cancer. Even accepting as true Plaintiff's allegation that he was diagnosed with the HIV/AIDS virus at the Maricopa County Durango Juvenile Detention Center in 2008, several subsequent tests have ruled out this diagnosis, and Plaintiff has not pointed to any evidence that would suggest these tests were faulty or that he is currently carrying the HIV/AIDS virus. (Doc. 41-1 at 13 (Defs.' Ex. C), 15–18 (Defs.' Ex. D); Doc. 85-1 at 2–3, 12–13 (Defs.' Ex. A).) To the extent Plaintiff relies on the abnormal results of the August 14, 2015 blood test to prove his claim, there is nothing in the record to suggest that Plaintiff's low platelet and white blood cell counts were caused by HIV/AIDS, and subsequent blood tests indicated that Plaintiff's platelet and white blood cell counts were within normal limits. (Ibrahim Decl. ¶¶ 11–12; Doc. 41-1 at 25 (Defs.' Ex. F); Doc. 85-1 at 8–9 (Defs.' Ex. A).) On these facts, the first prong of the deliberate indifference analysis cannot be satisfied.

. . .

### 2. Subjective Prong

Second, there is no evidence that Defendants Ryan and Pratt were deliberately indifferent to Plaintiff's medical needs. Plaintiff claims that he filed grievances with Defendants seeking treatment for HIV/AIDS, and they denied his grievances. (Doc. 73 at 4.) The only evidence in the record of Plaintiff's grievances is a July 3, 2014 Inmate Grievance Appeal addressed to Defendant Ryan seeking treatment for HIV/AIDS; Defendant Ryan's response to the grievance appeal was not provided. (Doc. 52 at 10.)[3] Assuming that Plaintiff filed grievances with Defendants and that Defendants upheld the denial of HIV/AIDS treatment, this does not amount to deliberate indifference. There is absolutely no evidence that Defendants were aware of a substantial risk to Plaintiff's health and disregarded that risk. Several rounds of blood tests were negative for HIV/AIDS or any indication of cancer. Defendants cannot deliberately disregard a medical need that does not exist.

After reviewing the available record, the undisputed evidence does not show that Defendants Ryan and Pratt acted with deliberate indifference to Plaintiff's serious medical needs. Defendants have provided sufficient evidence to show that Plaintiff does not have HIV/AIDS, and Plaintiff has failed to refute this evidence. Accordingly, Defendants' Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants Ryan and Pratt's Motion for Summary Judgment (Doc. 84).

(2) Defendants Ryan and Pratt's Motion for Summary Judgment (Doc. 84) is **granted**, and Plaintiff's Eighth Amendment medical claim against Defendants Ryan and Pratt is **dismissed with prejudice**.

---

[3] This grievance appeal form was attached to Plaintiff's May 4, 2016 "Motion: Prison Litigation Reform Act 1996 (PLRA) Consideration to Continue with Complaint." (Doc. 52.) Defendants refer to the document in their Motion for Summary Judgment, so the Court will consider it as part of the record. (Doc. 84 at 4–5.)

(3) The Report and Recommendation (Doc. 83) is **adopted**, and Defendants Ibrahim, Maranzana, Stueward, Kevis, and Okafor are dismissed from the action **without prejudice** for failure to serve.

(4) The Clerk of Court shall enter judgment accordingly and terminate the action.

**Dated** this 20th day of March, 2018.

Honorable Diane J. Humetewa
United States District Judge